IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-176-M-KS

| | |
|---|---|
| CASEY NORDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST LP, )<br>)<br>Defendant. ) | **MEMORANDUM &<br>RECOMMENDATION** |

This case is before the court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted [DE #20]. Plaintiff has responded in opposition [DE #23], and Defendant has replied [DE #24]. Where the motion has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendant's motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for memorandum and recommendation. For the reasons stated below, it is recommended that Defendant's motion to dismiss be granted.

## BACKGROUND

Casey Nordan ("Plaintiff") brings an employment discrimination lawsuit against Wal-Mart Stores East LP ("Defendant") for sex discrimination,[1] disability

---

[1] Plaintiff uses the term "gender discrimination" while Title VII refers to discrimination on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). Courts regularly "use[ ] the term 'sex' and 'gender' interchangeably to refer simply to the fact that an employee is male or female." *Bauer v. Lynch*, 812 F.3d 340, 347 n.9 (4th Cir. 2016) (quoting *Hopkins v. Balt. Gas & Elec. Co.*, 77 F.3d 745, 749 n.1 (4th Cir. 1996),

discrimination, and hostile work environment. (Am. Compl. [DE #18] ¶¶ 20–21.) Plaintiff is a man and suffers from anxiety and depression, a disability that Plaintiff alleges his supervisor is aware of and is noted in his work records. (*Id.* ¶¶ 1, 5.)

Plaintiff worked as a stocking team lead from June 2022 to January 2024 at one of Defendant's locations in Greenville, North Carolina. (Am. Compl. ¶¶ 3, 5.) Plaintiff alleges that in February, June, September, and October of 2023, he took separate leaves of absence for severe emotional distress. (*Id.* ¶ 5.) Plaintiff alleges that, upon his return, subordinates and colleagues undermined his authority, criticized his leadership abilities, and made dismissive comments regarding mental health and the right to take leave, including that a leader should "'just step down' when faced with mental health problems." (*Id.* ¶ 6.) Plaintiff alleges his team co-lead told him that the team "disrespected him due to taking leaves of absence." (*Id.* ¶ 11.) Plaintiff asked to switch departments and alleges the salary manager asked Plaintiff if he could handle the attendance requirements, noting she did not want any "surprise" leaves of absence. (*Id.* ¶ 15.) Plaintiff alleges he reported many of these issues to his supervisor, but his supervisor did not take any corrective action. (*Id.* ¶¶ 6, 12.) Plaintiff alleges that a female team lead's concerns related to "bullying" were addressed promptly, while his "months of mistreatment" were ignored. (*Id.* ¶ 14.)

Plaintiff alleges he was subject to "frequent formal and informal reprimands, more than his female counterparts," and that he received job coaching on multiple

---

*abrogated on other grounds by Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020)). Plaintiff's action is based on alleged differential treatment between men and women. The court will use the term "sex" to be consistent with Title VII.

occasions in 2023. (Am. Compl. ¶ 9.) He also received poor performance reviews and informal negative feedback. (*Id.* ¶¶ 7, 9.) Plaintiff claims he was "unjustly terminated" on January 29, 2024, for "bending a metal track on the floor with the electric jack." (*Id.* ¶ 16.) Plaintiff was rehired one week later at a "demoted status" as a personal shopper. (*Id.*) Plaintiff was not allowed to apply for his previous stocking team lead position, but, in February 2024, he was offered a position as an asset protection associate, which he accepted. (*Id.* ¶¶ 16–17.)

Plaintiff brings claims for sex discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and disability discrimination and hostile work environment in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*[2] (Am. Compl. ¶¶ 20–21.) He seeks compensatory and punitive damages. (*Id.* ¶ 22.)

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. Dismiss [DE #20]; Mem. Supp. Mot. Dismiss [DE #21].) Plaintiff responds that he has alleged sufficient facts to support his claims. (*See* Pl.'s Resp. Opp'n Mot. Dismiss [DE #23].) For the reasons explained below, the undersigned recommends Defendant's motion to dismiss be granted.

---

[2] Plaintiff does not allege that he filed a charge with the Equal Employment Opportunity Commission ("EEOC"), nor does he attach an EEOC charge or Notice of Right to Sue.

3

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief may be granted. The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (all reasonable inferences drawn in favor of plaintiff). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To survive a 12(b)(6) motion, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* A "formulaic recitation of the elements of a cause of action will not do." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Francis v.*

*Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

I. Sex Discrimination

Title VII protects employees from discrimination based on their race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). "In the context of a Title VII case, 'an employment discrimination plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "Instead, a Title VII plaintiff is 'required to allege facts to satisfy the elements of a cause of action created by that statute,'" meaning he must allege, beyond a speculative level, that he was discharged or otherwise discriminated against, in this case, because of his sex.[3] *Bing*, 959 F.3d at 616–17 (quoting *McCleary-Evans v. Md. Dep't Transp.*, 780 F.3d 582, 585 (4th Cir. 2015)); 42 U.S.C. § 2000e-2(a)(1).

Plaintiff alleges he received negative performance reviews unlike his female counterparts (Am. Compl. ¶ 7), was given additional tasks that female workers were not given (*id.* ¶ 8), was reprimanded more frequently than female workers (*id.* ¶ 9), and did not have his workplace concerns addressed as quickly as female workers (*id.*

---

[3] Plaintiff need not satisfy a different or higher standard because he is a member of the "majority group" (male). *See Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. ___, ___, 145 S. Ct. 1540, 1546 (2025) ("[T]he standard for proving disparate treatment under Title VII does not vary based on whether or not the plaintiff is a member of a majority group.").

5

¶ 14). Defendant argues the actions allegedly taken because of Plaintiff's sex are not adverse employment actions under Title VII. (Mem. Supp. Mot. Dismiss at 5–7.) Defendant further argues that Plaintiff's termination and change in position—which may be deemed adverse employment actions—are not alleged to have occurred because of Plaintiff's sex. (*Id.*)

"To prevail on a Title VII claim, 'the existence of some adverse employment action is required.'" *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (quoting *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004), *abrogated on other grounds by Muldrow v. City of St. Louis,* 601 U.S. 346 (2024)). "An adverse employment action is a discriminatory act that 'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'" *Holland*, 487 F.3d at 219 (quoting *James*, 368 F.3d at 375).

The actions that Plaintiff alleges were taken because of his sex are not adverse employment actions under Title VII. Reprimands and negative performance reviews are not adverse employment actions unless they have "collateral consequences that rise to the level of an adverse employment action." *Smith v. Va. Hous. Dev. Auth.*, 437 F. Supp. 3d 486, 510 (E.D. Va. 2020) (quoting *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 819 (E.D. Va. 2016)); *James*, 368 F.3d at 377 ("[A] poor performance evaluation 'is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment.'" (quoting *Spears v. Mo. Dep't of Corr. & Hum. Res.*, 210 F.3d 850, 854 (8th Cir. 2000))). Plaintiff does not allege any collateral consequences arising from

6

the reprimands and negative performance reviews, and he has therefore failed to state a Title VII claim based on these actions.

Similarly, Plaintiff does not state a Title VII claim based upon the assignment of additional tasks or the handling of his concerns. Changes to workload do not amount to adverse employment actions unless they have a serious and material impact on the terms and conditions of employment. *Taylor v. Burwell*, No. 8:13-CV-1998-PWG, 2014 WL 3547337, at *6 (D. Md. July 16, 2014). To the extent Plaintiff alleges the additional tasks hindered his "career progression" (Am. Compl. ¶ 8), his complaint does not identify any material consequence, such as an effect on salary or missed promotion opportunity. *See Burwell*, 2014 WL 3547337, at *6 (plaintiff's allegations that additional tasks "harmed his prospects" were not sufficient to constitute an adverse employment action). Plaintiff also fails to allege any adverse impact on the terms and conditions of his employment because of the speed at which his concerns of bullying were addressed. *See Holland*, 487 F.3d at 219. Plaintiff has therefore failed to state a Title VII claim based on these alleged acts.

While Plaintiff's termination and subsequent change in position could be deemed adverse employment actions, *see Muldrow*, 601 U.S. at 359 (job transfer leaving a plaintiff "worse off" may be adverse employment action), Plaintiff does not allege these actions were taken because of his sex, *see* 42 U.S.C. § 2000e-2(a)(1) (requiring causal connection between protected class and employer's actions). Instead, he alleges he was terminated "for bending a metal track on the floor with the electric jack." (Am. Compl. ¶ 16.) Regarding the change in position, Plaintiff alleges

7

Case 4:24-cv-00176-M-KS   Document 25   Filed 07/21/25   Page 7 of 12

that after he was terminated, he was "rehired . . . with a demoted status to personal shopper," then "authorized to be a Wal-Mart certified power equipment instructor," and then offered the job of "asset protection associate at the same store." (*Id.* ¶¶ 16–17.) Nowhere in Plaintiff's allegations does he suggest these job changes were made because of his sex. (*Id.* ¶¶ 16–18.) Accordingly, Plaintiff fails to assert any adverse employment action was taken because of his sex, and, therefore, his Title VII sex discrimination claim should be dismissed.[4]

## II. Disability Discrimination

"The elements of a[n] [ADA] discrimination claim include: (1) a plaintiff was disabled; (2) he was a qualified individual; and (3) he suffered an adverse employment action based on his disability." *Hice v. Mazzella Lifting Techs., Inc.*, 589 F. Supp. 3d 539, 547 (E.D. Va. 2022) (citing *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015)). In ADA claims, adverse employment actions are analyzed under the Title VII standard requiring an adverse impact on the terms and conditions of employment. *See Meadows v. Blue Ridge Comm. Coll.*, No. 1:19-CV-251, 2020 WL

---

[4] To the extent Plaintiff alleges he was "no longer eligible for promotions, location or job transfers, and denied bonuses and pay raises that his female counter part received," these allegations are made in Plaintiff's brief in opposition to Defendant's motion to dismiss. (*See* Pl.'s Resp. Opp'n Mot. Dismiss at 5.) Plaintiff may not amend his complaint through arguments in his brief in opposition to the motion to dismiss. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."); *Miles v. Owen*, No. 4:12-CV-998-MGL, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court.").

8

Case 4:24-cv-00176-M-KS    Document 25    Filed 07/21/25    Page 8 of 12

2761037, at *6 (W.D.N.C. May 5, 2020), *R. & R. adopted*, 2020 WL 2748305 (W.D.N.C. May 27, 2020).

Plaintiff alleges the following actions were taken because of his disability: Plaintiff's authority was undermined, his leadership was criticized, "dismissive comments" were made regarding mental health, Plaintiff was told the team disrespected him because he took leaves of absence, and he was questioned about his ability to meet attendance requirements because of his leaves of absence. (Am. Compl. ¶¶ 6, 11, 15.) Plaintiff does not connect any of these actions to material alterations in the terms and conditions of his employment and these actions therefore do not constitute adverse employment actions. *See Holland*, 487 F.3d at 219; *see also Smith v. Vilsack*, 832 F. Supp. 2d 573, 583 n.9 (D. Md. 2011) (disparaging comments do not constitute adverse employment actions). Moreover, Plaintiff alleges several of these actions were taken based on his prior leaves of absence, not his disability. Additionally, as explained above, Plaintiff fails to allege his termination and change in position occurred because of his disability. Plaintiff thus fails to state a plausible discrimination claim under the ADA, and his ADA claim should therefore be dismissed.

### III. Hostile Work Environment

Plaintiff alleges hostile work environment based on sex and disability. To state a claim for hostile work environment, Plaintiff must plausibly allege conduct that is (1) unwelcome, (2) because of a protected characteristic, (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere,

and (4) imputable to the employer. *See Laurent-Workman v. Wormuth*, 54 F.4th 201, 210 (4th Cir. 2022); *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 176–77 (4th Cir. 2001) (both the ADA and Title VII create a cause of action for hostile work environment and require proof of the same elements). Plaintiff must also allege his protected characteristic is the "but for" cause of the harassment. *See Laurent-Workman*, 54 F.4th at 210.

A hostile work environment is a workplace so "permeated with 'discriminatory intimidation, ridicule, and insult' . . . that [it] is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation omitted) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). "[W]hether an environment is sufficiently hostile or abusive [is determined] by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (quoting *Harris*, 510 U.S. at 23).

Plaintiff fails to plead facts that plausibly allege severe or pervasive harassment based on his sex and disability.[5] Related to his sex, Plaintiff alleges

---

[5] Though Plaintiff maintains other conduct contributed to a "hostile work environment," including being "falsely accused of sexual misconduct, racism, and selling drugs" (Am. Compl. ¶ 10), Plaintiff never alleges such conduct was motivated by discriminatory animus toward his sex or disability. *See Laurent-Workman*, 54 F.4th at 210 (protected characteristic must be "but for" cause of alleged harassment).

10

receiving negative performance reviews, reprimands, and coaching; receiving additional tasks; and a lack of intervention when Plaintiff reported "bullying" and "mistreatment." (Am. Compl. ¶¶ 7–9, 14.) None of the conduct alleged points to "discriminatory intimidation, ridicule, and insult." *Vinson*, 477 U.S. at 65. Instead, the conduct appears to be made up of ordinary personnel decisions, which are not sufficient to state a claim for hostile work environment. *See Hakeem v. Mayorkas*, No. 1:24-CV-955-RDA-WEF, 2025 WL 310123, at *8 (E.D. Va. Jan. 27, 2025); *Combs-Burge v. Rumsfeld*, 170 F. App'x 856, 862 (4th Cir. 2006) (counseling about job performance deficiencies is not the sort of conduct to create a hostile work environment).

Related to his disability, Plaintiff alleges his authority was undermined, his leadership was criticized, "dismissive comments" were made regarding mental health, and comments were made regarding his leaves of absence. (Am. Compl. ¶¶ 6, 11, 14.) However, "mere rude or insensitive treatment cannot sustain a hostile work environment claim," nor can "sporadic rude language" or "offhand comments." *Evans v. Capitol Broad. Co.*, 716 F. Supp. 3d 387, 403 (E.D.N.C. 2024). Without more, Plaintiff fails to allege conduct that is sufficiently severe or pervasive to support a hostile work environment claim. Accordingly, Plaintiff's hostile work environment claims should be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendant's motion to dismiss [DE #20] be GRANTED.

11

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 4, 2025,** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 21st day of July 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge